UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No. 2:21-CV-2054 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 7. In support of the motion, Plaintiff states that he has an "ADA hand injury," and that he is suffering from a concussion due to the injuries he sustained that are at the core of the claims in his complaint. As a result, Plaintiff contends, sometimes he has difficulty with writing. See id. at 2, 5-6. In addition, Plaintiff anticipates that at times, the issues in his case will be very complicated. This, Plaintiff asserts, also warrants the appointment of counsel. See id. at 5.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

The documents Plaintiff has filed to date – his complaint with exhibits, an extension of time request, and the instant motion (see ECF Nos. 1, 5, 7, 8) – indicate that Plaintiff is generally capable of pro se litigation. He has adequately filed a coherent complaint and appears to possess a general, functional understanding of court rules and procedures. Therefore the Court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 7) is DENIED.

DATED: February 2, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE