UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No. 2:21-cv-2054 AC P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed a second motion for the appointment of counsel. ECF No. 10. Specifically, the motion requests that plaintiff be permitted to participate in the court's Alternative Dispute Resolution Program, and that if he is allowed to do so, that counsel be provided to him. Id. at 2-4. In support of the motion, plaintiff states that his case is complex and that he has video evidence. Id. at 4.

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Because the complaint has not been screened, it has yet to be determined that the complaint is suitable for service and for the ADR Program.  Therefore, the motion is premature.  In any event, any alleged complexity of this case is not sufficient grounds to warrant the appointment of counsel.  For these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 10) is DENIED.

DATED: May 20, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE