UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No. 2:21-cv-2054 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, plaintiff will be declared a three-strike litigant within the meaning of 28 U.S.C. § 1915(g). Accordingly, it will be recommended that plaintiff's motion to proceed in forma pauperis be denied and that plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

////
////
////
////

1

I.  THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to §

2

1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

## II. PLAINTIFF'S PRIOR STRIKES

A review of court records reveals that at least three cases brought by plaintiff qualify as strikes under Section 1915(g).  The court takes judicial notice of the following lawsuits[1] previously filed by plaintiff and disposed of prior to the filing of the instant complaint on November 5, 2021:

- Perryman v. Duffy, No. 2:14-cv-2966 CKD (E.D. Cal. Apr. 2, 2015) (voluntary dismissal after failure to state a claim determination)[2];

- Perryman v. Duffy, No. 2:14-cv-2967 EFB (E.D. Cal. June 6, 2017) (dismissed for failure to amend after failure to state a claim determination)[3];

- Perryman v. Duffy, No. 2:15-cv-0018 DB (E.D. Cal. Oct. 4, 2016) (dismissed for failure to state a claim);

- Perryman v. Thomas, No. 2:15-cv-2646 JAM KJN (E.D. Cal. Aug. 11, 2016) (dismissed for failure to state a claim and as Heck[4] barred);

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] See Harris, 863 F.3d at 1142 (style of dismissal immaterial when determining if dismissal counts as strike; question is whether dismissal "rang the [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim'); Sumner v. Tucker, 9 F. Supp. 2d 641, 643-44 (E.D. Va. 1998) (voluntary dismissal does not relieve plaintiff of consequences of filing frivolous action under Section 1915(g)).

[3] See Harris, 863 F.3d at 1143.

[4] Heck v. Humphrey, 512 U.S. 477 (1994).

3

- Perryman v. Newsom, No. 2:19-cv-0071 CKD (E.D. Cal. Oct. 25, 2019) (voluntary dismissal after failure to state a claim determination);
- Perryman v. Director, CDCR, No. 2:19-cv-2480 JAM DB (E.D. Cal. Aug. 24, 2020) (dismissed for failure to state a claim);
- Perryman v. California Superior Court, County of Sacramento, No. 2:20-cv-1506 TLN AC (E.D. Cal. Nov. 9, 2020) (dismissed for failure to state a claim); and
- Perryman v. U.S. Internal Revenue Service, No. 2:21-cv-0044 TLN CKD (E.D. Cal. Aug. 31, 2021) (dismissed for failure to amend after failure to state a claim determination).

Each of these cases was dismissed before the instant action was filed on November 5, 2021, and none of the strikes have been overturned. The undersigned therefore finds that plaintiff is precluded from proceeding in forma pauperis unless he was "under imminent danger of serious physical injury" at the time he filed the complaint. See 28 U.S.C. § 1915(g).

III.   IMMINENT DANGER

A review of plaintiff's complaint reveals no allegations suggesting that plaintiff was under imminent danger of serious physical harm or injury at the time the complaint was filed. See ECF No. 1. The lawsuit arises from injuries that plaintiff sustained when he was thrown from a medical transport cart in which he had not been secured, and which took a turn too sharply. ECF No. 1 at 4, 7-8. Liberally construing the complaint, plaintiff brings claims under the Eighth Amendment for deliberate indifference to his safety and for the alleged failure to adequately treat his injuries in the aftermath of the accident. Id. at 4-5, 7-11. There is no indication that a threat of serious physical injury was ongoing at the time the complaint was filed. Plaintiff's allegation that he continues to suffer from the effects of the concussion is insufficient to meet the imminent danger exception. The standard is imminent or ongoing danger of serious physical injury, not ongoing symptoms or ongoing constitutional violations. See Andrews, 493 F.3d at 1056 (imminent danger means continuing danger or threatened injury).

Because this case does not qualify for the exception to the Section 1915(g) bar, plaintiff is required to pay the filing fee in full prior to proceeding any further with this action.

## IV. CONCLUSION

For the reasons explained above, plaintiff is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). The undersigned will therefore recommend that plaintiff's application to proceed in forma pauperis be denied, and that he be ordered to pay the filing fee in full prior to proceeding any further with this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has been found to be a THREE STRIKES LITIGANT within the meaning of 28 U.S.C. § 1915(g); and

2. The Clerk of Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

2. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action. See 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2023

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE